**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 31 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SONA BAGOYAN SULAKHYAN,

Plaintiff - Appellant,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

Defendant - Appellee.

No. 09-56984

D.C. No. 2:09-cv-02136-DOC-CT

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted October 14, 2011[**]
Pasadena, California

Before: NELSON and CALLAHAN, Circuit Judges, and ERICKSON, Chief
District Judge.[***]

Sona Bagoyan Sulakhyan ("Bagoyan") appeals from the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ralph R. Erickson, Chief District Judge for the U.S.
District Court for North Dakota, Fargo, sitting by designation.

judgment affirming the final decision by the Commissioner of Social Security denying her claim for disability benefits. The Administrative Law Judge ("ALJ") found that Bagoyan was not credible, there were clear signs of exaggeration and malingering, and her claims of severe medical disability were not corroborated by expert analysis. Bagoyan appeals, arguing that the district court erred in affirming the Commissioner's decision. We affirm.[1]

Three issues are before us on appeal: (1) the ALJ erred in not explaining the weight she gave to a surveillance video taken of Bagoyan as part of Bagoyan's worker's compensation case; (2) the ALJ erred in not finding Bagoyan's lumbar disc bulges were a severe impairment; and (3) the ALJ erred in finding Bagoyan not credible. Bagoyan also raised two additional issues which were not raised in the district court, and are therefore not reviewable on appeal. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

We review the district court's judgment *de novo* to determine whether the Commissioner supported his decision with substantial evidence and applied the correct legal standards. *Batson v. Comm'r of Social Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The scope of appellate review, however, is limited and "[a] decision to deny benefits will only be disturbed if it is not supported by 'substantial

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

evidence or it is based on legal error.'" *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)).

Bagoyan first argues that the ALJ erred by not explaining what weight she gave to the surveillance video of Bagoyan that was entered into evidence. Two of Bagoyan's treating doctors opined on the significance of the activities captured on the video. Dr. Tauber testified that the video did not change his opinion that Bagoyan was unable to perform heavy work, while Dr. Newton asserted that the video showed Bagoyan was capable of work that required heavy lifting. We note that both doctors were treating physicians in this case, and thus their opinions are entitled to heightened deference. *See Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987). Given their divergent opinions, however, one analysis had to be accepted over the other. The Commissioner is entitled to resolve disputes in contradicted medical evidence, including rejecting the opinion of a treating physician so long as the credibility finding is supported by substantial evidence in the record. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Bagoyan did not dispute that the video was authentic, but contended the items she was depicted lifting were of minimal weight, and she was still in pain, nonetheless. The ALJ described the video as "crucial evidence" and characterized Bagoyan's actions on the video as "strenuous physical activities."

3

On the basis of these findings, it is apparent that the ALJ gave more weight to Dr. Newton's opinions than she did to Dr. Tauber's opinions or Bagoyan's characterizations. She explained that Dr. Newton's opinions were "more convincing and supported" by the activities in the video. The ALJ gave sufficient, legitimate reasons for crediting some opinions and rejecting others, and because these reasons were clearly stated, convincing, and supported by substantial evidence in the record, there was no error.

Bagoyan next contends that her lumbar disc bulges constitute a "severe" impairment. Bagoyan has not pointed to any source indicating her spinal condition qualifies as a listed impairment. There is scant evidence that the bulging discs exacerbated another impairment, and it is likely that the disc disease and Bagoyan's degenerative arthritis are related conditions.

While Dr. Miller opined that the disc bulges constituted a separate impairment, the ALJ properly discounted this testimony of Bagoyan's non-treating physician. The ALJ found Dr. Miller's reports contained an advocate's tone rather than that of a treating physician. Additionally, she found the reports lacked a specific assessment and were conclusory in nature. The ALJ's decision provides specific, legitimate, and convincing reasons for discrediting Dr. Miller's opinions, and the ALJ did not err in refusing to denote Bagoyan's bulging lumbar discs as a

4

separate severe impairment.

Finally, Bagoyan alleges that the ALJ erred in finding Bagoyan was not credible. If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600 (9th Cir. 1999). An ALJ's credibility findings are entitled to deference if sufficiently specific and supported by substantial evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 645-46 (9th Cir. 1991).

When there is affirmative evidence of malingering, which is present in this case, the ALJ is relieved of the burden of providing specific, clear, and convincing reasons to discount claimant's testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008). Even so, the ALJ provided clear and convincing reasons for not crediting Bagoyan's testimony concerning the severity of her pain. Not only did the objective medical evidence weigh against Bagoyan's testimony regarding debilitating pain, the surveillance video discredited her testimony that she is in pain all the time and has difficulty moving. The ALJ's findings demonstrate that she did not arbitrarily discredit Bagoyan's testimony regarding pain. It is the province of the ALJ, not this Court, to resolve the conflicting evidence and make credibility determinations, and we should not disturb the ALJ's findings when they are supported by substantial evidence.

5

*Magallanes*, 881 F.2d at 750.

The Commissioner's decision is supported by substantial evidence, and there was no legal error.

**AFFIRMED.**